UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE MILLER,

    Plaintiff,                                CIVIL ACTION NO. 13-12263

  v.                                    DISTRICT JUDGE GEORGE CARAM STEEH
                                        MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION:**

Plaintiff's Motion for Summary Judgment should be **DENIED,** and that of Defendant **GRANTED,** as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

**II.  REPORT**

    **A.  Background and Procedural History**

Plaintiff filed applications for Social Security Disability Insurance Benefits and Supplemental Security Income benefits on December 7, 2010, alleging that he had become disabled and unable to work on May 2, 2010, at age 51, due to arthritic pain in his back,

shoulder and ankle, a bipolar disorder and learning difficulties. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on January 11, 2012, before Administrative Law Judge (ALJ) Jerome B. Blum. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of light work where he was not required to lift more than 15 pounds (TR 9-19). The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment, and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 53 years old at the time of the administrative hearing (TR 25). He had graduated from high school, and had been employed during the relevant past as an assembly line worker, construction laborer, maintenance man and kitchen aide (TR 27-28). These jobs were classified as medium to heavy, unskilled work activity (TR 18). Claimant stopped working in May 2010, when he was unable to focus on tasks, maintain attention or follow work rules (TR 29). Plaintiff testified that he remained disabled due to a bi-polar disorder that caused severe mood swings, insomnia, and an inability to interact with supervisors and co-workers (TR 31). He claimed that he was impulsive, and had a great deal to difficulty following directions (TR 31). Claimant also experienced neck, back and shoulder pain, which allegedly prevented him from sitting, standing or walking for prolonged periods (TR 34). He estimated that he could sit for about an hour, stand for 30 minutes, and walk just

a few blocks before needing to rest (TR 35-36). Pain medications proved ineffective, and caused him to become easily fatigued (TR 36).

A Vocational Expert, Erin Callaghan classified Plaintiff's past work as medium to heavy, unskilled activity (TR 201). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[1] (TR 40-42). If he were capable of light work, however, there were numerous unskilled inspection, sorting and small product assembly jobs that he could perform with minimal vocational adjustment (TR 38). These simple, routine jobs provided a sit-stand option, and did not require the lifting of more than 15 pounds (TR 40-41).

### B. ALJ's Determination

The Administrative Law Judge found that Plaintiff was impaired as result of bipolar and learning disorders, rheumatoid arthritis, back, neck and ankle pain, and the residual effects from right shoulder rotator cuff surgery, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's joint pain limited him to jobs that allowed a sit-stand option with no lifting of more than 15 pounds. Nevertheless, he found that the claimant retained the residual functional capacity to perform a significant number of light jobs, as identified by the Vocational Expert (TR 9-19).

---

[1] The witness opined that, if claimant suffered severe pain that lasted for most of the day, all work activity would be precluded (TR 41-42).

### C. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

### D. Discussion and Analysis

I suggest that substantial evidence exists on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work providing a sit-stand option and no lifting above 15 pounds. Contrary to Plaintiff's assertion, the medical evidence did not support his allegation of totally disabling shoulder pain. The ALJ's decision was consistent with the specific limitations imposed by examining physicians.

While x-rays of claimant's left shoulder revealed degenerative changes (TR 360), the ALJ considered the medical report prepared by Dr. Lalitha Koneru in order to determine the extent the shoulder pain caused limitations. In an examination dated February 2011, Dr. Koneru noted that Plaintiff's range of motion in his left shoulder was nearly normal. The doctor measured only slightly diminished ranges when testing shoulder abduction and forward elevation (TR 361). No other neurological or orthopedic limitation were discovered during the evaluation. Dr. Koneru opined that Plaintiff's only limitation was that he was restricted to carrying, pushing, and pulling 10 to 15 pounds with his upper extremities (TR 359). The ALJ relied on Dr. Koneru's report and opinion to conclude that Plaintiff could only perform light work that did not require lifting more than 15 pounds (TR 15). Despite Plaintiff's arguments to the contrary, he has not shown that his left shoulder condition caused greater limitations than the ALJ found.

The medical evidence of record also did not support claimant's allegation of totally disabling mental difficulties. A mental status evaluation in November 2010 were within

5

normal limits in almost every area (TR 343). Plaintiff's memory was intact, and there is no documentation that he had significant memory difficulties (TR 326). Plaintiff was assigned a global assessment of functioning (GAF) score of 55, which is consistent with the ability to perform simple, routine work activities (TR 326, 346). Claimant underwent another mental health assessment in March 2011. Despite acknowledging that he drank one to two pints of alcohol per week (TR 385), claimant's mental status remained unremarkable. He was again assigned a GAF score of 55 (TR 386). Dr. Nick Boneff, Ph.D., conducted a number of psychological tests just a month earlier. The test scores placed claimant in the mild to moderately impaired range of intellectual functioning. Dr. Boneff opined that these were "not considered valid due to the patient's uncooperativeness, lack of motivation and inconsistencies in his test performance" (TR 369). The psychologist opined that Plaintiff would have difficulty performing complicated work-related activities at a sustained pace, but that he should be able to do simple routine tasks (TR 369).

When evaluating Plaintiff's residual mental functional capacity, the Law Judge also took into consideration the opinion of a state agency consultant[2], who concluded that the claimant could perform unskilled work (TR 59). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from his bi-polar disorder and learning difficulties were not fully credible.

---

[2]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2013).

6

Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that he needed to rest frequently throughout the day. There was no indication in the medical record that pain medications caused any side-effects. The ALJ took into consideration claimant's objectively proven functional limitations by restricting him to jobs that allowed a sit-stand option with no pushing or pulling of more than fifteen pounds.

It is the rare case, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible[3]. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146,

---

[3] Contrary to Plaintiff's assertion, the ALJ properly rejected the disability opinion of his psychiatrist, Dr. Kodakkatu Nair, setting forth persuasive reasons for doing so. While Dr. Nair concluded that Plaintiff would have difficulties performing activities of daily living (TR 389), the ALJ expressed concern about the lack of medical documentation to support the disability opinion (TR 17). *See* 20 C.F.R. § 404.1527(c)(2) (A treating physician's opinion is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and consistent with other substantial evidence in the record.). The record reflects that Plaintiff had minimal difficulties with his activities of daily living. Plaintiff reported that he was able to care for himself and perform most household tasks (TR 332). Dr. Nair also opined that Plaintiff would be unable to work, but this opinion was inconsistent with his own notes (Tr. 389). For example, Dr. Nair assigned Plaintiff a global assessment of functioning (GAF) score of 55, reflecting only moderate limitations. As the ALJ explained, the Sixth Circuit has previously found that a GAF score of 50 is consistent with the ability to work (Tr. 16). *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007). Because of these inconsistencies, the ALJ reasonably declined to give Dr. Nair's opinion controlling or significant weight (TR 17).

150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments[4], the Vocational Expert testified that there were numerous unskilled inspection, sorting and small product assembly jobs that he could perform with minimal vocational adjustment (TR 38). These simple, routine jobs provided a sit-stand option, and did not require the lifting of more than 15 pounds (TR 40-41). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity. In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

---

[4]Contrary to Plaintiff's assertion, the ALJ's hypothetical question to the vocational expert was not flawed because it did not include all his medically corroborated complaints. While Plaintiff contends that the hypothetical question did not account for his left shoulder limitation, the ALJ accounted for these problems by restricting Plaintiff to light work that did not require lifting more than 15 pounds (TR 13). Plaintiff has not shown that his shoulder condition would cause greater limitations.

**III.  REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                      s/ Charles E Binder
                                                      CHARLES E. BINDER
Dated: June 4, 2014                               United States Magistrate Judge