UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE MILLER,

       Plaintiff,                           Case No. 13-12263
                                                 HON. GEORGE CARAM STEEH
vs.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. # 14), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. # 12), AND ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DOC. 16)

      This matter is before the court on the parties' cross-motions for summary judgment upon judicial review of the denial by the Social Security Administration of plaintiff Dale Miller's application for disability insurance and supplemental security income benefits.  Miller alleges he is disabled due to debilitating conditions and pain in his back, shoulder, and ankle; a bipolar disorder; and learning disabilities. The matter was referred to Magistrate Judge Charles E. Binder who issued a Report and Recommendation on June 4, 2014 recommending that defendant Commissioner's motion be granted, that Miller's motion be denied, and that the findings of the Commissioner be affirmed.

      Miller filed his applications for benefits on December 7, 2010, claiming that he had become disabled and unable to work on May 2, 2010, at age 51.  Administrative Law Judge (ALJ) Jerome B. Blum held a hearing and issued a decision on February 10,

2012, finding that Miller retained the residual functional capacity to perform a limited range of unskilled light work where he was not required to lift more than 15 pounds and that allowed for a sit-stand option. The Appeals Council denied Miller's request for review on April 25, 2013. This decision became the Commissioner's final decision.

An individual may obtain review of any final decision made after a hearing by the Commissioner of Social Security by filing an action in federal district court. 42 U.S.C. § 405(g). The court may affirm, modify, or reverse the Commissioner's decision, with or without remand. Id. Findings of fact by the Commissioner are conclusive if supported by substantial evidence. Id. The Commissioner's decision must be affirmed if the decision is supported by substantial evidence in the record and the Commissioner applied the correct legal standard. Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005).

Plaintiff filed this action requesting review of the Commissioner's decision. Both parties subsequently filed motions for summary judgment. In coming to a recommendation on the competing motions for summary judgment in favor of the Commissioner, Magistrate Judge Binder found that the ALJ's determinations regarding plaintiff's physical and mental functional capacities were supported by substantial evidence in the record.

A party may file timely written objections to a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." Id. "A judge of the court

may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

Plaintiff's objections to Magistrate Judge Binder's Report and Recommendation were filed June 12, 2014. Defendant Commissioner of Social Security did not file a response. The court will address the objections in the order presented by plaintiff.

A.  Dr. Nair

Plaintiff first claims that the magistrate judge "brushed over" the testimony and reports of his treating psychiatrist, Dr. Nair, and instead inappropriately relied on the testimony and reports of consultative doctors who were not as familiar with his medical history, such as consultative examiner Dr. Boneff.

Specifically, plaintiff asserts that the magistrate judge inappropriately relied on Tr. 436, which he describes as a "form 'check list'" that "hardly should be construed as a thoughtful medical opinion from a doctor."  (Compl. 3).  He also takes issue with the magistrate judge's reliance on the reports at Tr. 326 and 349 which assigned a global assessment of functioning (GAF) score of 55.  Miller claims that these reports are immaterial because they are from October, 2009, and the disability did not occur until December 7, 2010.  He also asserts that the magistrate judge inaccurately depicted another of Dr. Nair's reports, ignored a report from October, 2011, and failed to consider plaintiff's inpatient psychiatric hospitalization from December, 2011.

As defendant pointed out in its motion for summary judgment, the ALJ gave specific reasons for discounting the opinion of Dr. Nair, such as inconsistencies between the doctor's opinion concerning activities of daily living and the record as a whole.  Moreover, Dr. Nair's GAF assessment is consistent with the ALJ's

determination, and Dr. Nair's more restrictive limitations were not supported by medical findings or test results.  Concerning the plaintiff's December 2011 hospitalization, this was considered by the ALJ, who specifically discounted the GAF score associated with that hospitalization, both because it was unsigned and because it was inconsistent with the consistently documented scores in the range of 50 to 55.  This objection does not impact the court's determination that substantial evidence supported the ALJ's conclusions on these issues.

B.     Left shoulder and neck conditions

In this objection, plaintiff contends that the magistrate judge "never addresses why it is proper for the ALJ to find that the Plaintiff's cervical or left shoulder issues are non-severe impairments."  (Plaintiff's objections at 4.)  It appears that plaintiff is arguing that the ALJ should have determined that his shoulder and neck conditions were more severe than he did.  He asserts that the ALJ committed legal error at step two of the five-step disability analysis (which requires a determination on whether the impairment or combination of impairments has a significant impact on the individual's ability to perform basic work activities).

The ALJ considered the plaintiff's descriptions of his shoulder and neck conditions, treatment history, accompanying pain and stiffness, and physical limitations. The ALJ considered both Dr. Koneru's examination and test reports and Dr. Beshara's disability determination explanation.  The ALJ found plaintiff's "musculoskeletal impairments are not as severe as alleged," that there were no documented limitations associated with such impairments, and that the "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the

extent they are inconsistent with the above residual functional capacity assessment." Page ID 47.  The ALJ's determination concerning the plaintiff's impairments was supported by both medical and non-medical information in the form of reports, tests, and opinions, and the plaintiff's own testimony.  He then considered both the mental and musculoskeletal impairments in coming to a determination that the plaintiff was able to perform unskilled work requiring only light exertion with a specific limitation of no lifting of over 15 pounds.  It is clear that this determination was supported by substantial evidence in the record.

C.   Plaintiff's credibility

As noted above, the ALJ called into question the plaintiff's credibility in relation to his complaints that he was disabled by his neck and shoulder conditions.  The ALJ made such a finding in more than one area of his determination; for instance, in discussing the poor results of the plaintiff's WAIS-IV and WRAT-III tests administered by the consultative examiner, the ALJ noted that "[t]he claimant's poor effort on the test is consistent with the underlying theme of this decision: the claimant has responded to tests and questions with unsupported, inconsistent, and self-serving answers."  Page ID 48.

In plaintiff's objection concerning the ALJ's assessment of his credibility, plaintiff asserts simply that "objective evidence" supports his asserted functional limitations. Then, concerning his mental limitations, he asserts that he has experienced episodes of decompensation of extended duration, citing various hospital stays.[1]  Plaintiff also

---

[1] As noted in defendant's motion for summary judgment, however, "repeated episodes of decompensation, each of extended duration," is defined by the Listings as three episodes within one year, each lasting for at least two weeks.  See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C)(4).  The record does not contain any such evidence.

-5-

asserts that the magistrate judge's report and recommendation employs some boilerplate language which does not apply to his case.

Whether or not the magistrate judge included some "boilerplate" language which may or may not apply to this case, it is clear that the ALJ's credibility assessment specifically addressed the record in this matter and was supported by substantial evidence. The ALJ carefully described inconsistencies between the record and plaintiff's allegations (see, e.g. Page ID 47). As noted above, the ALJ described plaintiff's credibility issues as a "theme" of his decision. This determination is peculiarly within the province of the hearing officer. See Gooch v. Secretary of Health & Human Servs., 833 F.2d 589, 592 (6th Cir. 1987). This court can find nothing within the record to suggest that it was inaccurate.

Upon review of the record, the parties' motions, the report and recommendation of the magistrate judge, and the plaintiff's objections to that report, the court concludes that defendant's motion for summary judgment shall be GRANTED, and that plaintiff's motion shall be DENIED, as recommended by the magistrate judge. Accordingly, for the reasons stated by the magistrate judge, as well as those set forth herein, that recommendation is hereby ACCEPTED by the court.

IT IS SO ORDERED.

Dated: August 18, 2014

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 18, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk